# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUDE MERILAN, | :  |
| Petitioner, | : Civ. No. 16-5874 (KM) |
| v. | : |
| ORLANDO RODRIGUEZ, | : OPINION |
| Respondent. | : |

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Jude Merilan, is an immigration detainee currently lodged at the Elizabeth Detention Center in Elizabeth, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the following reasons, the habeas petition will be granted to the extent that a bond hearing before an Immigration Judge ("IJ") will be ordered to take place within fourteen (14) days.

## II. BACKGROUND

Mr. Merilan is a native and citizen of Haiti. He entered the United States in 2000. Mr. Merilan was convicted of several drug offenses. Mr. Merilan was then served with a Notice to Appear and placed into immigration detention on March 17, 2016.

On October 14, 2016, an IJ ordered Mr. Merilan removed after denying his applications for withholding of removal and/or deferral of removal under the Convention Against Torture. Mr. Merilan has appealed that decision from the IJ to the Board of Immigration Appeals ("BIA"). That appeal appears to be pending.

In September, 2016, Mr. Merilan filed this habeas petition. He requests his immediate release from immigration detention or that a bond hearing be held. Respondent filed a response in opposition to the habeas petition on October 31, 2016. Thereafter, Mr. Merilan filed a reply.

### III.   DISCUSSION

Mr. Merilan has appealed the IJ's order of removal to the BIA, and for so long as that appeal remains pending, his order of removal is not final. *See* 8 C.F.R. § 1241.1(a) (order of removal by IJ becomes final upon dismissal of appeal by BIA). The Attorney General has the authority to detain aliens in removal proceedings before the issuance of a final order of removal. This period of detention is known as the "pre-removal" period. Detention of an alien in the pre-removal period is governed by Section 1226 of Title 8 of the United States Code. Section 1226(a) permits the Attorney General to detain or release an alien pending a decision on whether the alien is to be removed from the United States:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) of this section and pending such decision, the Attorney General—
> (1) may continue to detain the arrested alien; and
> (2) may release the alien on—
> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General;
> (B) conditional parole; ...

8 U.S.C. § 1226(a). "Except as provided in subsection (c)" is included because, under Section 1226(c), certain criminal aliens are subject to mandatory pre-removal detention:

> The Attorney General shall take into custody any alien who—
> (A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title,
> (B) is deportable by reason of having committed any offense covered in section 1227(a)(2)(a)(ii), (A)(iii), (B), (C), or (D) of this title,

> (C) is deportable under section 1227(a)(2)(A)(i) of this title on the
> basis of an offense for which the alien has been sentence to a term
> of imprisonment of at least 1 year, or
> (D) is inadmissible under section 1182(a)(3)(B) of this title or
> deportable under section 1227(a)(4)(B) of this title,
> when the alien is released, without regard to whether the alien is
> release on parole, supervised release, or probation, and without
> regard to whether the alien may be arrested or imprisoned again for
> the same offense.

8 U.S.C. § 1226(c)(1).

In *Diop v. ICE/Homeland Sec.,* 656 F.3d 221 (3d Cir. 2011), the United States Court of Appeals for the Third Circuit established a framework for analyzing the permissibility of pre-removal detention:

> [Title 8, United States Code, Section] 1226(c) contains an implicit
> limitation on reasonableness: the statute authorizes only mandatory
> detention that is reasonable in length. After that, § 1226(c) yields
> to the constitutional requirement that there be a further,
> individualized, inquiry into whether continued detention is
> necessary to carry out the statute's purpose.... Should the length of
> [an alien's] detention become unreasonable, the Government must
> justify its continued authority to detain him at a hearing at which it
> bears the burden of proof.

656 F.3d at 235. *Diop* did not state a specific length of pre-removal-order detention beyond which a petitioner would be entitled to a bond hearing. *See id.* at 234; *see also Carter v. Aviles,* No. 13–3607, 2014 WL 348257, at *3 (D.N.J. Jan. 30, 2014) ("[T]he Third Circuit has not set a 'universal point' when mandatory detention under § 1226(c) is unreasonable.") (citing *Leslie v. Attorney Gen.,* 678 F.3d 265, 270–71 (3d Cir.2012)); *Barcelona v. Napolitano,* No. 12-7494, 2013 WL 6188478, at *1 (D.N.J. Nov. 26, 2013) ("The Court of Appeals in *Diop* declined to adopt a rule that a hearing was required after a certain fixed amount of time in pre-removal detention.") (citation omitted). Instead, the Third Circuit noted that "[r]easonableness, by its very nature, is a fact-dependent inquiry requiring an assessment of all of the circumstances of a

3

particular case." *Diop*, 656 F.3d at 234. A reasonableness determination "must take into account a given individual detainee's need for more or less time, as well as the exigencies of a particular case." *Id.* However, "'the constitutional case for continued detention without inquiry into its necessity becomes more and more suspect as detention continues past [certain] thresholds.'" *Chavez–Alvarez v. Warden York Cnty. Prison,* 783 F.3d 469, 474 (3d Cir. 2015) (quoting *Diop,* 656 F.3d at 232, 234). Indeed, in *Chavez–Alvarez,* the Third Circuit noted with respect to the circumstances of that particular case that sometime after six months, and certainly within a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing. *See id.* at 478. A petitioner's bad faith, too, has at least the potential to influence the determination of whether a bond hearing should be ordered. *See Chavez-Alvarez*, 783 F.3d at 476 ("Because we conclude that Chavez-Alvarez did not act in bad faith, we do not need to decide here whether an alien's delay tactics should preclude a bond hearing.").

A. <u>Reasonableness of Immigration Detention</u>

Mr. Merilan has been in pre-removal immigration detention for over ten months. As indicated above, in *Chavez-Alvarez*, the Third Circuit noted that sometime after six months, and almost certainly after a year, the burden to the petitioner's liberties would outweigh any justification to detain the petitioner without a bond hearing. The respondent nevertheless argues that a hearing should be denied (a) because Mr. Merilan is responsible for approximately forty days of his immigration detention, and (b) because he has not raised a bona fide challenge to his removal.

That Mr. Merilan may be partially responsible for a portion of the delay is not dispositive. In *Chavez-Alvarez*, the Third Circuit explained that "[t]he primary point of reference for justifying the alien's confinement must be whether the civil detention is necessary to achieve

4

the statute's goals: ensuring participation in the removal process, and protecting the community from the danger that he or she poses." 783 F.3d at 475. Thus, "detention can become unreasonable, and a petitioner can be entitled to a bond hearing, even where the Government itself acted reasonably and is not reasonable for the delays in the conclusion of an alien's immigration proceedings." *Rodriguez v. Green*, No. 16-4431, 2016 WL 7175597, at *2 (D.N.J. Dec. 7, 2016). Of course, that is not license for detainees to proceed in bad faith; "aliens who are merely gaming the system to delay their removal should not be rewarded with a bond hearing that they would not otherwise get under the statute." *Chavez-Alvarez*, 783 F.3d at 476 (footnote omitted). A detainee's good or bad faith, however, is not a matter of counting days or tallying rulings, but requires an assessment of the circumstances:

> The issue of good faith is necessarily decided on the individual circumstances, but the analysis is more complex than the method posed by the Government: counting wins and losses. The most important consideration for us is whether an alien challenges aspects of the Government's case that present real issues, for example: a genuine factual dispute; poor legal reasoning; reliance on a contested legal theory; or the presence of a new legal issue. Where questions are legitimately raised . . . we cannot "effectively punish" these aliens for choosing to exercise their legal right to challenge the Government's case against them by rendering "the corresponding increase in time of detention [as] reasonable."

*Chavez-Alvarez*, 783 F.3d at 476 (citation omitted).

Mr. Merilan has now been in immigration detention for over ten months. Nothing about the circumstances under which he sought and obtained a continuance of approximately forty days suggests bad faith. That, without more, does not disentitle him to a bond hearing.

Respondent also contests the bona fides of Mr. Merilan's claims for non-removability. It is true that an IJ has now denied Mr. Merilan's claims for relief under the Convention Against Torture. Once again, that, without more, does not establish that he acted in bad faith. *See, e.g., Peinado v. Green*, No. 16-5325, 2016 WL 7104890, at *2 (D.N.J. Dec. 6, 2016) (citing *Chavez-*

5

*Alvarez* and noting that "The fact that the IJ sustained the removal order and denied relief does not establish that Petitioner's requests for relief from removal are nothing more than a bad faith attempt to delay proceedings.") That IJ ruling is now on appeal, and it will be tested by the appeal process.

In light of the length of time Mr. Merilan has been in immigration detention (over ten months) and a lack of evidence of bad faith, I find that Mr. Merilan is entitled to relief.

B. Type of Relief

Respondent argues that this Court should not order a bond hearing before an IJ, but instead, should provide for an initial custody determination by a deportation officer.[1] The premise of this argument seems to be that, once a § 1226(c) pre-removal detention is found to be unreasonable, it should be judicially converted to a § 1226(a) detention. Courts within this Circuit, disagreeing, have found that the proper relief under *Diop/Chavez-Alvarez* is to order a bond hearing before an IJ in the first instance. *See, e.g., Rodriguez*, 2016 WL 7175597, at *3 (granting habeas relief and directing IJ to provide petitioner with a bond hearing); *Javier v. Lowe*, No. 16-0561, 2016 WL 1569941, at *3-4 (M.D. Pa. Apr. 18, 2016) (collecting cases and holding that initial bail determinations in the *Chavez-Alvarez* context should be made by the IJ in

---

[1] In support of this argument, respondent cites to *Gordon v. Johnson*, 300 F.R.D. 31 (D. Mass. 2014), a decision that was vacated after respondent filed its brief. *See Gordon v. Lynch*, 842 F.3d 66 (1st Cir. 2016). Even the vacated *Gordon* decision, however, would not apply. It rests on the doctrine, rejected by the Third Circuit, that immigration detention is unreasonable unless it commences within forty-eight hours of release from the relevant predicate custody. *See Gordon*, 300 F.R.D. at 35. However, Third Circuit law does not require that the government immediately place the petitioner into immigration detention when he is released from criminal custody. *See Sylvain v. Attorney General*, 714 F.3d 150 (3d Cir. 2013) Respondent also cites to *Sopo v. U.S. Attorney General*, 825 F.3d 1199, 1219 (11th Cir. 2016) for the proposition that Mr. Merilan should receive a custody determination by a deportation officer in the first instance as opposed to an IJ. However, given the nature of how courts within this Circuit have interpreted the relief owed to a petitioner under *Diop/Chavez Alvarez*, this Court will not apply this non-binding Eleventh Circuit case in this Court.

6

the first instance), *report and recommendation adopted by* 2016 WL 1569942 (M.D. Pa. Apr. 19, 2016). I will order such relief here.

### IV.   CONCLUSION

For the foregoing reasons, I will grant Mr. Merilan's petition for writ of habeas corpus to the extent that I will direct an IJ to provide him with a bond hearing within fourteen days. The respondent shall report the result of that bond hearing to this Court within seven days thereafter. An appropriate order will be entered.

DATED: January 24, 2017

_____
KEVIN MCNULTY
United States District Judge